IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. OSTASUC

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE

V.

FLORIN OSTASUC, APPELLANT.

Filed October 24, 2017.    No. A-17-046.

Appeal from the District Court for Lancaster County: ROBERT R. OTTE, Judge, on appeal thereto from the County Court for Lancaster County, MATTHEW L. ACTON, Judge. Judgment of District Court affirmed in part and in part reversed, and cause remanded with directions.

Mark E. Rappl for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

PIRTLE, RIEDMANN, and ARTERBURN, Judges.

ARTERBURN, Judge.

INTRODUCTION

Florin Ostasuc appeals an order of the district court which affirmed the decision of the county court finding him guilty under the city ordinance of assault and battery and disturbing the peace following a bench trial. On appeal, Ostasuc argues there was insufficient evidence to support his conviction. For the reasons set forth below, we affirm in part and in part reverse the decision of the district court's affirmance of the county court. We remand with directions to the district court to remand the case with directions to the county court to vacate the conviction under Count I, assault and battery, and for resentencing under Count II, disturbing the peace.

- 1 -

BACKGROUND

On January 25, 2016, the State filed a second amended complaint charging Ostasuc with Count I, assault and battery of one of his children, in violation of Lincoln Municipal Code 9.12.010, and Count II, disturbing the peace in violation of Lincoln Municipal Code 9.20.050. A bench trial was held on January 25, 2016, at the conclusion of which the County Court for Lancaster County found Ostasuc guilty of both counts. Ostasuc appealed to the District Court for Lancaster County, which affirmed the decision of the county court. The evidence adduced at trial consisted of testimony from the alleged victim, two Lincoln police officers, and Ostasuc himself.

Ostasuc was engaged to the alleged victim, Caitlin Campbell, at the time of the alleged crimes. Ostasuc and Campbell are the parents of two twin boys, who were eleven months old at the time. Ostasuc and Campbell lived together with the children in a house that had been converted into five separate apartments. Ostasuc and Campbell lived in a ground floor apartment.

On September 14, 2015, Ostasuc arrived at the apartment between 9 p.m. and 9:30 p.m. Ostasuc had been fishing that afternoon while Campbell took care of the children. At the time, Campbell had been prescribed mood stabilizers for bi-polar disorder, depression, and anxiety. However, Campbell testified that she had not taken her medication in the previous two to four weeks. Campbell testified that she believed Ostasuc had been drinking alcohol since he typically drinks when he fishes. She did not notice anything else about his appearance or demeanor to believe that he was intoxicated.

Campbell's testimony more thoroughly described the events leading up to the alleged assault. Campbell testified that Ostasuc entered the kitchen to clean the fish that he caught. Shortly thereafter, Ostasuc and Campbell began to have a verbal argument. Campbell testified that she could not remember what they were arguing about that night. Additionally, Campbell testified that she "was not in the right frame of mind" that night. The argument continued from the kitchen to the living area of the apartment. One child was sitting on the couch in the living area during the argument while the other child was asleep in the bedroom. After approximately 45 minutes of arguing, Campbell took the child from the living room into the bedroom and put him in his crib. Ostasuc followed Campbell into the bedroom and took the child from the crib and put him in a jumper in the living area. Campbell testified that she then removed the child from the jumper, took him back to the bedroom, and put him back in his crib.

Ostasuc testified that while he was cleaning the fish, he and Campbell became embroiled in an argument. At some point in their argument he said something, perhaps by calling her a name that prompted Campbell to go into the bedroom with the children. Twenty minutes later, Ostasuc heard both children screaming and Campbell crying hysterically in the bedroom. Campbell testified that she was trying to put the children to bed and does not remember why Ostasuc entered the bedroom. Ostasuc testified that he wanted to see what was going on. Campbell testified that they called each other "mean names" in the bedroom.

Campbell was holding one child on each hip during the argument in the bedroom. Campbell testified that she attempted to leave the bedroom, but Ostasuc was blocking her path to the door. Campbell threatened to call the police. Ostasuc testified that he told her he would let Campbell leave the bedroom, but he wanted the children to stay with him. He testified that his only

motivation was to calm the children down given the hysterical state Campbell was in. He stated her behavior was consistent with past behavior whenever engaged in not taking her medication.

Campbell was standing with both children near the window in the bedroom. Both Campbell and Ostasuc testified that Ostasuc was approximately four feet away from Campbell when he took a step towards her. Campbell testified that she knew Ostasuc was stepping towards her to attempt to take the children. Campbell testified that she "panicked" and backed up into the window. Campbell testified that she did not realize how close she was to the window. Campbell admitted that she "overreacted." Campbell backed into the window and it broke, causing her to put her backside through the window. Campbell testified that she was essentially sitting in the window at the time. Campbell was still holding both children when she fell into the window. Ostasuc grabbed both children from Campbell while she was sitting in the window. Ostasuc took both children into the living area where he calmed them down. Ostasuc testified that he had no reason to believe Campbell would react to his advance backing through the window. When Ostasuc was taking the children into the living area, Campbell noticed blood on the leg of one of the children. Campbell called 911 because she thought the child was seriously injured.

The Lincoln Police Department and emergency medical services arrived at the apartment at approximately 10:15 p.m. The injured child had a small cut on his leg which required a bandage, but no further treatment. Campbell had a small abrasion on her elbow that did not require medical attention. When the police officers arrived, they took Campbell outside the residence to interview her. Ostasuc remained in the apartment with the other officer. Officer Nathan Wagner testified that Campbell was "kind of all over the place" and "frantic." Wagner testified that her eyes were bloodshot and watery, but she was able to relay the events of the night to him. Officer Scott Parker testified that he remained with Ostasuc and both children in the living area of the apartment. Parker testified that he could smell the odor of alcohol on Ostasuc, but he did not believe that Ostasuc was impaired or intoxicated.

After the close of the evidence, the county court confirmed with the State that it was their theory that Ostasuc's recklessness caused injury to the child. The county court stated that based on a photograph of the bedroom, it appeared that Campbell was backed into a corner by the window, thus lending more credibility to her testimony. The county court found Ostasuc guilty on both counts. The district court affirmed the decision of the county court finding that the evidence was sufficient to prove that Ostasuc's stepping towards Campbell caused her reaction and subsequent injury to the child.

## ASSIGNMENT OF ERROR

Ostasuc argues the district court erred in finding there was sufficient evidence to support his convictions.

## STANDARD OF REVIEW

The relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. McCurry*, 296 Neb. 40, 891 N.W.2d 663 (2017). An appellate court does not resolve conflicts in the evidence, pass on the credibility of

witnesses, evaluate explanations, or reweigh the evidence presented, which are within a fact finder's province for disposition. *State v. Jenkins*, 294 Neb. 475, 883 N.W.2d 351 (2016).

ANALYSIS

ASSAULT AND BATTERY

Ostasuc argues that the evidence at trial was insufficient to support a conviction for assault and battery. Ostasuc argues that his actions did not rise to the level of recklessness required by the city ordinance. Lincoln Municipal Ordinance § 9.12.010 provides in pertinent part:

(b) It shall be unlawful for any person intentionally, knowingly, or recklessly to:

(1) Cause bodily injury to another person; or

(2) Strike another person.

The complaint listed the child who sustained a cut while being held by Campbell as the victim of the assault. There was no evidence presented at trial that Ostasuc struck Campbell or the children. Nor was there evidence that Ostasuc intentionally or knowingly caused injury to Campbell or the children. The State confirmed that its theory was that Ostasuc recklessly caused injury to his son. The Lincoln Municipal Code does not define "recklessly" but it is defined by state statute.

Recklessly shall mean acting with respect to a material element of an offense when any person disregards a substantial and unjustifiable risk that the material element exists or will result from his or her conduct. The risk must be of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to the actor, its disregard involves a gross deviation from the standard of conduct that a law-abiding person would observe in the actor's situation. . . .

Neb. Rev. Stat. § 28-109(20) (Reissue 2016).

A reckless act involves a conscious choice in a course of action, made with knowledge of a serious danger or risk to another as a result of such choice of action or with knowledge of the attendant circumstances which, to a reasonable person, would indicate or disclose a serious danger or risk to another as a result of the course of action selected. *State v. Kistenmacher*, 231 Neb. 318, 436 N.W.2d 168 (1989). An objective standard is applied to determine whether a person acted recklessly. *State v. Pruett*, 263 Neb. 99, 638 N.W.2d 809 (2002).

Under the standard of review we must view the evidence in the light most favorable to the prosecution, and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Therefore, we must basically disregard the testimony given by Ostasuc in that if his testimony were believed, the evidence would clearly be insufficient to sustain a conviction. Even disregarding the testimony by Ostasuc, we find that a rational trier of fact could not have found the essential elements of the crime beyond a reasonable doubt. Ostasuc's taking of a single step towards Campbell objectively did not involve a gross deviation from the standard of conduct of a law-abiding person. Campbell testified that she knew Ostasuc was attempting to take the children from her and also testified that she overreacted and panicked. A rational actor would not have reason to believe that taking a single step towards a person from four feet away would cause that person to fall through a window. Even though there

had been arguing between the two individuals, Campbell testified that she knew Ostasuc was attempting to take the children from her, not trying to harm her. She further testified that she was not in the right frame of mind that night. Therefore, we find that the decision of the district court affirming the conviction for assault and battery entered by the county court must be reversed for insufficiency of the evidence.

### DISTURBING PEACE

Ostasuc argues the district court erred in affirming the conviction entered by the county court finding that he disturbed the peace of Campbell. Ostasuc argues there was insufficient evidence to support the finding that he said or did anything to intentionally disturb Campbell's peace. The State argues that Ostasuc was fighting with Campbell, calling her names, and preventing her from leaving the bedroom.

Lincoln Municipal Code § 9.20.050 provides in pertinent part:

(a) It shall be unlawful for any person to intentionally or knowingly disturb the peace and quiet of any person, family, or neighborhood, or any public assembly, or assembly of persons for religious worship. The offense of disturbing the peace shall include, but shall not necessarily be limited to, the following:

(1) Engaging in fighting;

(2) Exhibiting threatening or violent conduct directed towards another person;

(3) Using abusive, threatening, or other fighting language or gestures directed towards another person or persons. . . .

There was testimony from both Ostasuc and Campbell that Ostasuc used abusive language towards Campbell during the course of their argument. Ostasuc testified that he called Campbell names during the fight which prompted Campbell to leave the room. While Campbell may have also been using abusive language, this does not negate the fact that Ostasuc did so and was charged under the city ordinance. Therefore, we find that viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found Ostasuc guilty beyond a reasonable doubt. We affirm the district court's affirmance of the county court's conviction for disturbing the peace.

### CONCLUSION

We find that the district court erred in affirming the decision of the county court finding Ostasuc guilty of assault and battery under the Lincoln Municipal Code. We reverse the decision of the district court as to Count I and direct the district court to remand the case to the county court with directions to vacate the conviction under Count I, assault and battery, and vacate the sentence imposed. As the sentencing order does not differentiate between the two convictions, we direct the district court to remand the case to the county court with directions to resentence Ostasuc with respect to only Count II, disturbing the peace. We find that the district court did not err in affirming the decision of the county court finding Ostasuc guilty of disturbing the peace under the Lincoln Municipal Code. We affirm the decision of the district court in this respect.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.